I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-4-13

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RENE GUY,

Petitioner,

v.

J. SOTO,

Respondent.

Case No. CV 13-01350 TJH (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Rene Guy ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims directed at an August 26, 1993 conviction in the California Superior Court for Los Angeles County. Petitioner was convicted of second degree murder, assault with a firearm, second degree robbery, and firearm enhancements, and was sentenced to an indeterminate term of 15 years to life in state prison (case no. BA066376).

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is significantly time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Further, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a federal habeas petition. *See Lindh v. Murphy*, 521 U.S. 320, 322, 117 S. Ct. 2059 (1997) (AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (the one-year grace period for challenging convictions finalized before AEDPA's enactment ended on April 24, 1997).

The face of the Petition and relevant state court records[1/] establish the following relevant facts. Petitioner was convicted of the above offenses on August 26, 1993, and sentenced on September 28, 1993. On November 17, 1994, the California Court of Appeal affirmed the judgment (case no. B079862). The California Supreme Court then denied review of the court of appeal's decision on February 1, 1995 (case no. S044063). Petitioner has not alleged, and it does not appear, that he filed a petition for certiorari with the United States Supreme Court. (Pet. at 3-5[2/]; state court records.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on May 2, 1995, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Because the conviction became final before AEDPA's April 24, 1996 enactment date, Petitioner had until April 24, 1997, to file a federal habeas petition. *Patterson*, 251 F.3d at 1246. Petitioner did not constructively file his pending Petition until February 5, 2013 -- 5,766 days (nearly 16 years) after the expiration of the limitations period.[3/]

---

[1/] The Court takes judicial notice of records in the state appellate courts that relate to this action, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2/] The Petition, including the attached pages, is not consecutively numbered as required by Local Rule 11-3.3. For convenience and clarity, the Court will use the pagination furnished by its CM-ECF electronic document filing system.

[3/] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). Absent evidence to the contrary, the Court finds Petitioner constructively filed

(continued...)

Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is considerably time-barred.

**C. Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The Petition and relevant state court records establish Petitioner filed four state habeas petitions, one in the superior court (case no. BA066376), two in the court of appeal (case nos. B100373, B235915), and one in the California Supreme Court (case no. S200418). (Pet. at 5-8; state court records.) However, the first of those petitions (case no. B100373) was denied by the court of appeal on March 21, 1996, before AEDPA's enactment. At that stage, there was nothing to "toll." *See, e.g., Evans v. Senkowski*, 105 F. Supp. 2d 97, 99 n.1 (S.D.N.Y. 2000) ("In light of the fact that the AEDPA statute did not begin to run until April of 1996, any post-conviction practice

---

[3/] (...continued)
the Petition by delivering it to the prison mail system on February 5, 2013, the date handwritten by a prison official on the envelope containing the Petition. (Pet. at 23.)

taking place before the effective date of AEDPA is irrelevant and will not be discussed herein."). Further, the remaining three of Petitioner's state habeas petitions were all filed in 2011 and 2012, more than 14 years after AEDPA's grace period expired on April 24, 1997.[4] (State court records.) As a result, Petitioner is also not entitled to statutory tolling during the pendency of any of those petitions. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

Petitioner also filed a prior federal habeas action, which has no bearing on the Court's timeliness analysis.[5] By AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further, the pending action cannot "relate back" to the prior action because that action was dismissed in its entirety and is no longer pending (*see* CV 95-2883 TJH (VAP), [8], [9]). *Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back.").

///

---

[4] The mailbox rule also applies to *pro se* state habeas petitions. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Petitioner has not provided the constructive filing date of his superior court petition, which appears to be the second of the four he filed in the state courts. However, he does state that petition was denied on August 26, 2011 (Pet. at 6), so it was presumably filed the same year, if not the same month. Based on the fact the Petition is untimely by nearly 16 years, it appears impossible that the precise constructive filing date of the superior court petition would affect the result. But, should Petitioner disagree, his response to this Order must include properly authenticated exhibits indicating the date he delivered his superior court habeas petition to prison authorities for mailing.

[5] A federal court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

The face of the Petition and state court records do not provide any basis for statutory tolling in this action.

**D. Alternative Start of the Statute of Limitations**

**1. State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

**3. Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

///

///

**E. Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

Petitioner makes one argument in the Petition that can be construed as a request for equitable tolling, but he *only* attempts to account for the delay since the denial of his last state habeas petition on July 25, 2012. (Pet. at 19-21.) The Court finds Petitioner's assertion does not entitle him to any equitable tolling because AEDPA's limitations period expired more than 15 years before July 25, 2012. *See Mendoza v.*

*Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (*Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his petition *throughout the time the limitations period was running*); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time").

The face of the Petition and state court records do not provide any basis for equitable tolling in this action.

**ORDER**

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **March 22, 2013**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: March 3, 2013

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE