1
2
3
4
5
6
7



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8  UNITED STATES DISTRICT COURT
9  CENTRAL DISTRICT OF CALIFORNIA
10  WESTERN DIVISION
11

12  RENE GUY,                              )  Case No.  CV 13-01350 TJH (AN)
13         Petitioner,                     )
                                           )  **ORDER DISMISSING HABEAS**
14      v.                                 )  **PETITION AS TIME-BARRED**
                                           )
15  J. SOTO,                               )
                                           )
16         Respondent.                     )
17  _____)

18         Before the Court is a petition for writ of habeas corpus ("Petition") brought by

19  Rene Guy ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed

20  below, the Petition is dismissed with prejudice because the Court finds it is time-

21  barred.

22                          **I. BACKGROUND**

23         The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims

24  directed at an August 26, 1993 conviction in the California Superior Court for Los

25  Angeles County. Petitioner was convicted of second degree murder, assault with a

26  firearm, second degree robbery, and firearm enhancements, and was sentenced to an

27  indeterminate term of 15 years to life in state prison (case no. BA066376).

28  ///

1  Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge
2  found it plainly appeared from the face of the Petition and relevant state court records
3  that this action was barred by the one-year statute of limitations of the Anti-Terrorism
4  and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1)(A).
5  Accordingly, on March 4, 2013, the Magistrate Judge issued an order to show cause
6  that notified Petitioner the action appeared to be time-barred absent some basis for
7  tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C.
8  § 2244(d)(1)(B)-(D). (3/4/13 Order to Show Cause re Dismissal of Petition for Writ
9  of Habeas Corpus by a Person in State Custody as Time-barred ("OSC") [5].) The
10  OSC explained the various bases for tolling and directed Petitioner to show cause why
11  the action should not be dismissed as time-barred by filing a written response no later
12  than March 22, 2013. (OSC at 4-8.)

13  Despite the fact Petitioner failed to file his Response to the OSC ("Response")
14  [7] until April 24, 2013, more than one month after the March 22, 2013 deadline, in
15  the interests of justice, the Court considers Petitioner's untimely Response and
16  addresses his arguments below. The matter now stands submitted for decision.

## II. DISCUSSION

### A.  Standard of Review

19  Rule 4 of the Rules Governing Section 2254 Cases in the United States District
20  Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly
21  examine" a habeas petition and "[i]f it plainly appears from the petition and any
22  attached exhibits that the petitioner is not entitled to relief in the district court, the
23  judge must dismiss the petition and direct the clerk to notify the petitioner." Local
24  Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall
25  examine a petition for writ of habeas corpus, and if it plainly appears from the face of
26  the petition and any exhibits annexed to it that the petitioner is not entitled to relief,
27  the Magistrate Judge may prepare a proposed order for summary dismissal and submit
28  it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an

1   untimely habeas petition may be dismissed *sua sponte* if the petitioner receives

2   adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198,

3   209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

4   **B.     Statute of Limitations**

5          The Petition is governed by AEDPA, which establishes a one-year statute of

6   limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. §

7   2244(d)(1); *see also Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).

8   In most cases, the limitations period is triggered by "the date on which the judgment

9   became final by conclusion of direct review or the expiration of the time for seeking

10  such review." 28 U.S.C. § 2244(d)(1)(A). Further, where the conviction became final

11  before AEDPA's enactment, a petitioner had until April 24, 1997, to file a federal

12  habeas petition. *See Lindh*, 521 U.S. at 322 (AEDPA was signed into law on April 24,

13  1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (the one-

14  year grace period for challenging convictions finalized before AEDPA's enactment

15  ended on April 24, 1997).

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    The face of the Petition and relevant state court records[1] establish the following
2    relevant facts. Petitioner was convicted of the above offenses on August 26, 1993, and
3    sentenced on September 28, 1993. On November 17, 1994, the California Court of
4    Appeal affirmed the judgment (case no. B079862). The California Supreme Court then
5    denied review of the court of appeal's decision on February 1, 1995 (case no.
6    S044063). Petitioner has not alleged, and it does not appear, that he filed a petition for
7    certiorari with the United States Supreme Court. (Pet. at 3-5[2]; state court records.)

8    Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment
9    became final on May 2, 1995, the ninetieth day after the state high court denied his
10   petition for review and the last day for him to file a petition for certiorari with the
11   Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Because the
12   conviction became final before AEDPA's April 24, 1996 enactment date, Petitioner
13   had until April 24, 1997, to file a federal habeas petition. *Patterson*, 251 F.3d at 1246.
14   Petitioner did not constructively file his pending Petition until February 5, 2013 --
15   5,766 days (nearly 16 years) after the expiration of the limitations period.[3]

16

17   [1]   The Court takes judicial notice of records in the state appellate courts that
18   relate to this action, which are available on the Internet at
19   http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297
     F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state
20   court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676
21   F.3d 1172 (9th Cir. 2012).

22   [2]   The Petition, including the attached pages, is not consecutively numbered
     as required by Local Rule 11-3.3. For convenience and clarity, the court will use the
23   pagination furnished by its CM-ECF electronic document filing system.

24
25   [3]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition
     is deemed to be filed on the date the prisoner delivers the petition to prison authorities
26   for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379
     (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule
27   3(d). Absent evidence to the contrary, the Court finds Petitioner constructively filed
28                                                                          (continued...)

1  Accordingly, absent some basis for tolling or an alternative start date to the limitations

2  period under 28 U.S.C. § 2244(d)(1), the pending Petition is considerably time-barred.

3  **C.    Statutory Tolling**

4       AEDPA includes a statutory tolling provision that suspends the limitations

5  period for the time during which a "properly-filed" application for post-conviction or

6  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

7  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

8  Cir. 2005). An application is "pending" until it has achieved final resolution through

9  the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

10  2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be

11  filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*,

12  321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation

13  of the limitations period that has ended before the state petition was filed."); *see also*

14  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that

15  is filed following the expiration of the limitations period cannot toll that period

16  because there is no period remaining to be tolled.").

17       The Petition and relevant state court records establish Petitioner filed four state

18  habeas petitions, one in the superior court (case no. BA066376), two in the court of

19  appeal (case nos. B100373, B235915), and one in the California Supreme Court (case

20  no. S200418). (Pet. at 5-8; state court records.) However, the first of those petitions

21  (case no. B100373) was denied by the court of appeal on March 21, 1996, before

22  AEDPA's enactment. At that stage, there was nothing to "toll." *See, e.g., Evans v.*

23  *Senkowski*, 105 F. Supp. 2d 97, 99 n.1 (S.D.N.Y. 2000) ("In light of the fact that the

24  AEDPA statute did not begin to run until April of 1996, any post-conviction practice

25

26

27  [3]/  (...continued)

the Petition by delivering it to the prison mail system on February 5, 2013, the date

28  handwritten by a prison official on the envelope containing the Petition. (Pet. at 23.)

1   taking place before the effective date of AEDPA is irrelevant and will not be discussed
2   herein."). Further, the remaining three of Petitioner's state habeas petitions were all
3   filed in 2011 and 2012, and the first of them was not constructively filed[4/] in the
4   superior court until July 10, 2011, more than 14 years after AEDPA's grace period
5   expired on April 24, 1997. (Resp., Exs. F&G; state court records.) As a result,
6   Petitioner is also not entitled to statutory tolling during the pendency of any of those
7   petitions. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

8       Petitioner also filed a prior federal habeas action, which has no bearing on the
9   Court's timeliness analysis.[5/] By AEDPA's express terms, the limitations period is only
10  tolled during the pendency of "a properly filed application for *State* post-conviction
11  or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section
12  2244(d)(2) does not toll the limitations period while a *federal* habeas petition is
13  pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further,
14  the pending action cannot "relate back" to the prior action because that action was
15  dismissed in its entirety and is no longer pending (*see* CV 95-2883 TJH (VAP), [8],
16  [9]). *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back
17  doctrine does not apply where the previous habeas petition was dismissed because
18  there is nothing to which the new petition could relate back.").

19      The face of the Petition and state court records do not provide any basis for
20  statutory tolling in this action, and Petitioner's Response to the OSC does not alter that
21  conclusion.

22  ///
23  ///
24

---

25  [4/]   The mailbox rule also applies to *pro se* state habeas petitions. *See Stillman*
26  *v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

27  [5/]   A federal court may take judicial notice of its own records in other cases.
28  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

**D.    Alternative Start of the Statute of Limitations**

      **1.    State-Created Impediment**

      In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). In his Response to the OSC, Petitioner claims he is entitled to a delayed start date of the limitations period under this provision. (Resp. at 1-2, 6, 8-9.) Because he also argues he is entitled to equitable tolling for the same reasons (Resp. at 6), his allegation is addressed in section E, below. *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) ("[T]he district court's rejection of equitable tolling . . . constitutes an implicit rejection of [the petitioner's] impediment argument [under § 2244(d)(1)(B)].").

      **2.    Newly Recognized Constitutional Right**

      AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Neither the Petition nor the Response set forth any facts for an alternate start date of the limitations period under this provision.

      **3.    Discovery of Factual Predicate**

      AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). In the Response, Petitioner claims the facts which entitle him to equitable tolling also entitle

1  him to an alternate start date of the limitations period under this provision. (Resp. at
2  6.) For the same reasons discussed in section E, below, Petitioner is not entitled to an
3  alternate start date of the limitations period based upon the late discovery of the
4  factual predicate.

5  **E.   Equitable Tolling**

6  AEDPA's limitations period "is subject to equitable tolling in appropriate
7  cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a
8  litigant seeking equitable tolling bears the burden of establishing two elements: (1)
9  that he has been pursuing his rights diligently, and (2) that some extraordinary
10  circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct.
11  1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

12  However, "[e]quitable tolling is justified in few cases" and "the threshold
13  necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions
14  swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting*
15  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we
16  do not require [the petitioner] to carry a burden of persuasion at this stage in order to
17  merit further investigation into the merits of his argument for [equitable] tolling,"
18  *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply
19  developed, and where it indicates that the [alleged extraordinary circumstance did not]
20  cause the untimely filing of his habeas petition, a district court is not obligated to hold
21  evidentiary hearings to further develop the factual record, notwithstanding a
22  petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010);
23  *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the
24  record is sufficient to permit the district court - and us on appeal - to evaluate the
25  strength of the petitioner's [equitable tolling] claim, the district court does not
26  necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant
27  to 9th Cir. R. 36-3).

28  ///

1    Petitioner makes one argument in the Petition that can arguably be construed
2  as a request for equitable tolling, but he only attempts to account for the delay since
3  the denial of his last state habeas petition on July 25, 2012. (Pet. at 19-21.) The Court
4  finds Petitioner's assertion does not entitle him to any equitable tolling because
5  AEDPA's limitations period expired more than 15 years before July 25, 2012. *See*
6  *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (*Pace*'s diligence prong
7  requires the petitioner to show he engaged in reasonably diligent efforts to file his
8  petition *throughout the time the limitations period was running*); *see also Smith v.*
9  *McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that
10  "the party seeking equitable tolling must have acted with reasonable diligence
11  throughout the period he seeks to toll" and "extraordinary circumstances prevented
12  him from filing his petition on time").

13    Additionally, in the Response, Petitioner claims he is entitled to either equitable
14  tolling, or an alternate start date of the limitations period under § 2244(d)(1)(B)&(D),
15  because his claims are based on evidence which he only recently discovered after it
16  was deliberately withheld by the prosecution. (Resp. at 1-9.) As discussed below,
17  Petitioner again fails to satisfy both *Pace* requirements. *Pace*, 544 U.S. at 418.

18    **1.    Background**

19    The Petition raises two claims: (1) the prosecution deliberately withheld a
20  ballistics report and subsequently presented knowingly false testimony; and (2)
21  Petitioner's trial counsel was ineffective for failing to investigate and uncover the
22  ballistics report. (Pet. at 9-11.) Petitioner has attached to his Response portions of his
23  trial transcripts in which two prosecution witnesses testified he used a handgun or
24  handguns to commit second degree murder. (Resp., Ex. B at 211-12; Ex. C at 21.) He
25  has also attached a copy of a ballistics report as exhibit D to his Response, which
26  indicates a bullet obtained from the coroner was examined and identified as a "caliber
27  22 Long Rifle, lead roundnose fired bullet." The ballistics report also states, "The
28  General Rifling Characteristics engraved on the item . . . are typical of, but not limited

1   to[,] firearms of caliber 22 Long Rifle, rifled six (6) lands and grooves, right twist
2   direction, as marketed by Hi Standard, Browning, Harrington-Richardson, Savage and
3   many, many others." (Resp., Ex. D.)

4   **2.     Analysis**

5   Petitioner argues the ballistics report proves the fatal bullet was fired from a
6   rifle, which would have impeached the eyewitness testimony that he used a handgun.
7   The prosecution, ostensibly knowing this to be true, allegedly withheld the report from
8   the defense and allowed its witnesses to falsely testify. (Resp. at 1-9.)

9   Petitioner's allegations fail *Pace*'s first requirement, as he was clearly not
10  pursuing his rights diligently. *Pace*, 544 U.S. at 418. Specifically, Petitioner also
11  attaches to his Response the transcript of a preliminary proceeding in which the court
12  was discussing a list of discovery requests made by the defense. When the court asked
13  about a ballistics report, the prosecutor represented that ballistics tests had determined
14  the "type and caliber" of the fatal bullet, but because no firearm was recovered, they
15  had no weapon with which to match the bullet. The court responded, "So that's all
16  you're going to get," referring to what the defense would receive in discovery.[6]
17  (Resp., Ex. A at 24-25, 35.) Even assuming, without finding, that the prosecutor never
18  turned over the "type and caliber" information despite the open-court discussion about
19  it,[7] the transcript *proves* the prosecutor did not keep this information concealed.
20

21      [6]   Petitioner's counsel was absent at the beginning of the hearing, but the
22  court repeated the relevant discovery information to her when she appeared.
23  Specifically, the court stated, "On ballistics, of course, you know they don't have it
    done but they do have the type and caliber of the round. You're going to get that."
24  (Resp, Ex. A at 35.)

25      [7]   Petitioner has failed to proffer any credible evidence that the prosecution
26  withheld the ballistics report, and the transcript tends to undermine his assertion since
    it reflects the prosecutor was very forthcoming about the "type and caliber" testing on
27  the bullet early in the proceedings. (Resp., Ex. A.) Petitioner has also failed to
28                                                                           (continued...)

1  Specifically, the defense was on notice as of December 8, 1992, *before trial*, that the
2  "type and caliber" of the fatal bullet had been tested and determined. If Petitioner
3  failed to discover this information for another twenty years, he has been grossly
4  negligent in pursuing his rights, and certainly not diligent. *Mendoza*, 449 F.3d at 1070.
5  For the same reasons, Petitioner is also precluded from an alternate start date of the
6  limitations period under § 2244(d)(1)(D). *See Ford*, 683 F.3d at 1235 ("Section
7  2244(d)(1)(D) provides a petitioner with a later accrual date than section
8  2244(d)(1)(A) only if vital facts could not have been known by the date the appellate
9  process ended," and only at the point the factual predicate of a claim could have been
10  discovered through the exercise of due diligence, but "not when it actually was
11  discovered.") (Internal quotation marks and citations omitted).

12      Far more significant, however, is the fact that Petitioner's allegation about the
13  ballistics report is simply false. Contrary to Petitioner's assertion, the ballistics report
14  does not establish the fatal bullet was fired from a rifle, therefore, it would not have
15  impeached the credibility of the prosecution's witnesses. Petitioner attempts to seize
16  on the simple fact that the bullet at issue is called a "long *rifle*" bullet. However, as
17  specifically indicated in the ballistics report, this bullet is suitable for any number of
18  weapons, including handguns. (Resp., Ex. D.) In fact, despite the word "rifle" in its
19  name, the .22-caliber long rifle bullet is commonly used in any number of .22-caliber
20  handguns, and there are even handguns referred to as "Long Rifle" firearms. *See*
21  *People v. Samaniego*, 172 Cal. App. 4th 1148, 1158, 91 Cal. Rptr. 3d 874 (Cal. Ct.
22  App. 2009) (".22-caliber, long-rifle rounds . . . . could be fired from rifles or handguns,
23  including revolvers and semiautomatics."); *People v. Valdez*, 32 Cal. 4th 73, 83, 8 Cal.
24

25      2/  (...continued)
26  establish that the ballistics report attached to his Response is connected in any way to
27  his case. However, as stated above, "we do not require [the petitioner] to carry a burden
    of persuasion at this stage," *Laws*, 351 F.3d at 924, so for purposes of the equitable
28  tolling analysis at this stage, the Court assumes the truth of Petitioner's assertions.

1   Rptr. 3d 271 (2004) ("The Jennings .22-caliber handgun fires .22-caliber long rifle
2   ammunition and holds a total of seven rounds."); *People v. Lenart*, 32 Cal. 4th 1107,
3   1124-25, 12 Cal. Rptr. 3d 592 (2004) (jury could properly infer that .22-caliber
4   long-rifle cartridges found in the defendant's apartment were used in a murder
5   committed with a "Colt Single Action Frontier Scout 4-inch revolver, .22 Long
6   Rifle."); *see also In re Extradition of Sainez*, No. 07-MJ-0177-JMA, 2008 WL
7   366135, at *17 (S.D. Cal. 2008) (rejecting the argument that a ".22 caliber
8   (Long-Rifle) lead bullet" could not come from a handgun in part because "various
9   rifles, pistols, revolvers, and . . . shotguns have been manufactured in the .22 Long
10  Rifle caliber.") (Citation and internal quotation marks omitted). Even assuming the
11  prosecutor had withheld the ballistics report at issue, it does not establish the fatal
12  bullet was fired from a rifle instead of a handgun. Consequently, Petitioner grossly
13  fails *Pace*'s second requirement, as he has never been prevented from timely
14  discovering or raising any meritorious claim, and the alleged action on the part of the
15  prosecutor cannot be considered "extraordinary" for equitable tolling purposes. *Pace*,
16  544 U.S. at 418.

17      Neither the Petition nor Petitioner's Response to the OSC establish that
18  Petitioner is entitled to any equitable tolling.

19  **F.    Alleged Actual Innocence**

20      Lastly, although Petitioner does not specifically argue that the Court should
21  consider the merits of his time-barred claims on the basis of actual innocence, to the
22  extent he implies such an argument with regard to the ballistics report, it fails for the
23  same reasons stated above. *See Lee v. Lampert*, 653 F.3d 929, 937-38 (9th Cir. 2011)
24  ("In order to present otherwise time-barred claims to a federal habeas court . . . a
25  petitioner must produce sufficient proof of his actual innocence," specifically, a
26  petitioner must show "that it is more likely than not that no reasonable juror would
27  have convicted him in the light of the new evidence.") (internal quotation marks and
28  citations omitted); *see also Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851 (1995)

1  (the Petitioner must support his allegations "with new reliable evidence - whether it

2  be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

3  physical evidence - that was not presented at trial.").[8]

4                              **ORDER**

5      Based upon the foregoing, the Court finds the Petition is time-barred. Further,

6  by way of the OSC, the Court finds Petitioner has received notice and an adequate

7  opportunity to show cause why the Petition should not be dismissed as time-barred.

8  ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate

9  Judge is vacated and the Petition is dismissed with prejudice. The clerk is directed to

10  enter judgment dismissing this action with prejudice and notify Petitioner of said

11  judgment. Any and all pending motions are terminated.

12

13

14  DATED: May 6, 2013

15                                     TERRY J. HATTER, JR.
                                            SENIOR JUDGE

16

17  Presented by:

18

19

20  Arthur Nakazato
    United States Magistrate Judge

21

22

23

24

25

26  _____

27      [8]  Petitioner's additional argument in the Response that his Petition should not

28  be dismissed based on a state procedural bar is rejected as frivolous. (Resp. at 6-7.)
    There is no state procedural bar at issue.